

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANTHONY ADAMS,

                            Plaintiff,

     -against-

CITY OF NEW YORK, ORLANDO COLON, Individually,
and "JOHN" GRANT, Individually,

                            Defendants.

------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

      Plaintiff ANTHONY ADAMS, by his attorneys, Leventhal & Klein LLP, complaining of the defendants, respectfully allege as follows:

## Preliminary Statement

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

      4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

      5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ANTHONY ADAMS is a forty-four year old Caribbean American man who resides in Bronx, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, ORLANDO COLON and "JOHN" GRANT were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On June 18, 2010, at approximately 9:20 p.m., in the vicinity of East Burnside Avenue and Creston Avenue, Bronx, New York, defendant officer COLON illegally stopped,

detained, searched and arrested plaintiff.

13. Upon information and belief, the defendant officers stopped and searched plaintiff because of his race and/or national origin.

14. Defendant officer COLON handcuffed and arrested plaintiff despite lacking probable cause to believe plaintiff had committed any crime or offense.

15. Thereafter, the defendants imprisoned plaintiff in an NYPD vehicle, and in an NYPD police precinct stationhouse.

16. On June 19, 2010, plaintiff was arraigned in Bronx County Supreme Court, Criminal Division, on baseless charges filed under docket number 2010BX038904; said charges having been filed based on the false allegations of the defendant officers COLON and GRANT. Defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced and to continue against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

17. As a result of the defendant officers' false statements, plaintiff was compelled to return to court until all the charges levied against him were dismissed and sealed on August 16, 2011.

18. Defendants COLON and GRANT participated in, and/or failed to intervene in the illegal conduct described herein.

19. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

20. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers arrest individuals without probable cause and manufacture evidence or otherwise engage in falsification in an effort to justify the false arrest. Defendant CITY OF NEW YORK is further aware that many NYPD officers are insufficiently trained on when to stop, detain, search and arrest individuals.

21. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

22. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

23. As a result of the foregoing, plaintiff ANTHONY ADAMS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25.  All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

26.  All of the aforementioned acts deprived plaintiff ANTHONY ADAMS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

27.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

28.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

29.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

30.  As a result of the foregoing, plaintiff ANTHONY ADAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

31.  Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraph numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants arrested plaintiff ANTHONY ADAMS, without probable cause, causing him to be detained against his will for an extended period of time and subjected him to physical restraints.

33. Defendants caused plaintiff ANTHONY ADAMS, to be falsely arrested and unlawfully imprisoned.

34. As a result of the foregoing, plaintiff ANTHONY ADAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants maliciously issued criminal process against plaintiff by causing him to be arraigned and prosecuted.

37. Defendants caused plaintiff ANTHONY ADAMS to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and for personal and professional benefits.

38. As a result of the foregoing, plaintiff ANTHONY ADAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

41. Defendants caused plaintiff ANTHONY ADAMS to be prosecuted without any probable cause until the charges were dismissed on August 16, 2011.

42. As a result of the foregoing, plaintiff ANTHONY ADAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants had an affirmative duty to intervene on behalf of plaintiff ANTHONY ADAMS, whose constitutional rights were being violated in their presence by other officers.

45. The defendants failed to intervene to prevent the unlawful conduct described herein.

46. As a result of the foregoing, plaintiff ANTHONY ADAMS, was subjected to false arrest, and his liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause.

47. As a result of the foregoing, plaintiff ANTHONY ADAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. The defendants illegally stopped, detained, arrested, and prosecuted, plaintiff ANTHONY ADAMS because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

50. As a result of the foregoing, plaintiff ANTHONY ADAMS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

51. As a result of the foregoing, plaintiff ANTHONY ADAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

54. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, stopping and detaining individual without reasonable suspicion, arresting individuals without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.

55. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff ANTHONY ADAMS' rights as described herein.

56. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ANTHONY ADAMS.

58. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ANTHONY ADAMS, as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ANTHONY ADAMS, as alleged herein.

60. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ANTHONY ADAMS was unlawfully seized, detained, incarcerated, and prosecuted.

61. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ANTHONY ADAMS' constitutional rights.

62. All of the foregoing acts by defendants deprived plaintiff ANTHONY ADAMS of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from malicious abuse of process and/or malicious prosecution;

    D.    To be free from false imprisonment/arrest;

    E.    To receive equal protection under law;

    F.    To be free from the failure to intervene.

63. As a result of the foregoing, plaintiff ANTHONY ADAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ANTHONY ADAMS demands judgment and prays for the following relief, jointly and severally, against the defendants:

    (A)    full and fair compensatory damages in an amount to be determined by a jury;

    (B)    punitive damages against the individual defendants in an amount to be determined

      by a jury;

  (C)    reasonable attorneys' fees and the costs and disbursements of this action; and

  (D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       June 18, 2013

                                      LEVENTHAL & KLEIN, LLP
                                      Attorneys for Plaintiff ANTHONY ADAMS
                                      45 Main Street, Suite 230
                                      Brooklyn, New York 11201
                                      (718) 722-4100

                                      By: _____
                                            BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ANTHONY ADAMS,

                                                    Plaintiff,

                                                                                                Docket No.

    -against-

CITY OF NEW YORK, ORLANDO COLON, Individually,
and "JOHN" GRANT, Individually,

                                                  Defendants.

-------------------------------------------------------------------------------X

## COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100